Filed 4/28/26  P. v. Coleman CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY COLEMAN,<br>    Defendant and Appellant. | C103526<br><br>(Super. Ct. No. 20FE010879) |

In March 2021, the People charged defendant Anthony Coleman with murder and alleged a deadly weapon enhancement and a strike prior.  Later that year, he pled no contest to voluntary manslaughter and admitted the enhancing allegations for a stipulated aggregate prison sentence of 23 years.  In April 2024, defendant filed a pro per petition for resentencing pursuant to Penal Code section 1172.6.  (Further undesignated section references are to the Penal Code.)  After appointing counsel, the trial court denied defendant's petition at the prima facie stage finding that defendant was not convicted under a now invalid theory because his prosecution and plea post-dated the legislative changes.  Defendant appealed.

In February 2026, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216, but requesting we exercise our discretion to review the entire record for arguable issues on appeal.  Appellate counsel also wrote defendant, explaining she would be filing a *Delgadillo* brief, and if defendant

1

failed to file a supplemental brief, his appeal would likely be dismissed. Defendant filed a supplemental brief that we understand to challenge his original prison sentence, specifically that he did not understand he was accepting a deal that required the doubling of his base term. We affirm.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code.

Here, the March 2021 information charging defendant with murder and his October 2021 plea to voluntary manslaughter post-date the effective date of the modifications to the definition of murder. So he was not prosecuted under a now invalid theory as section 1172.6, subdivision (a)(3) requires for resentencing. Defendant does not contend otherwise.

Rather, defendant contends he did not understand that his base term would be doubled when he accepted the plea agreement. That issue is not cognizable in this appeal. Only the propriety of the trial court's section 1172.6 determination is properly before us. (*People v. Strong* (2022) 13 Cal.5th 698, 713-714.) Accordingly, this appeal fails.

2

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.


/s/
MESIWALA, J.


We concur:


/s/
EARL, P. J.


/s/
MAURO, J.

3